Ann Doucette
1555 Selby Ave
St. Paul, MN 55104
Email: russellranchroad@gmail.com

RECEIVED BY MAIL
FEB 23 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ANN DOUCETTE,
    *Plaintiff, Pro Se,*

v.

1) NEKIMA LEVY ARMSTRONG,
    aka "Nekima Valdez Levy-Pounds,"
2) WILLIAM SCOTT KELLY,
    aka "DaWokeFarmer,"
3) CHAUNTYLL LOUISA ALLEN
4) DON RENALDO LEMON,
5) JAMAEL LYDELL LUNDY,
6) TRAHERN JEEN CREWS,
7) GEORGIA ELLYSE FORT,
8) JEROME DEANGELO RICHARDSON,
    and DOES 1 through 25 inclusive,
    *Defendants.*

Case No. 26-cv-1606-JMB/ECW

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. The Cities Church ("the Church") is a Christian house of worship in St. Paul, Minnesota.
2. On the morning of Sunday, January 18, 2026, Plaintiff Ann Doucette attended a worship service led by the Church's pastor.
3. During the service, a coordinated group of individuals, including all named Defendants, unlawfully entered the Church as part of a pre-planned and organized disruption intended to interfere with worship.
4. As a result of Defendants' actions, the worship service was disrupted, congregants



1

experienced fear and distress, and Plaintiff's ability to freely exercise her religion in a private place of worship was unlawfully interfered with.

5. This action seeks to hold Defendants accountable for their unlawful coordination, trespass, interference with religious exercise, and intentional infliction of emotional distress, and to obtain damages, injunctive relief, and other remedies as allowed under Minnesota law and federal civil rights statutes.

**PARTIES**

6. Plaintiff Ann Doucette is an individual who, at all times relevant, was attending a worship service at Cities Church ("the Church") in St. Paul, Minnesota.

7. Defendants are the following individuals and additional unknown persons who, according to federal indictments, social media evidence, and whistleblower statements, coordinated, planned, and participated in an unlawful disruption of the Church on or about January 18, 2026, causing harm to Plaintiff:

NEKIMA LEVY ARMSTRONG ("ARMSTRONG"),

CHAUNTYLL LOUISA ALLEN ("ALLEN"),

WILLIAM SCOTT KELLY ("KELLY"),

DON RENALDO LEMON ("LEMON"),

JAMAEL LYDELL LUNDY ("LUNDY"),

TRAHERN JEEN CREWS ("CREWS"),

GEORGIA ELLYSE FORT ("FORT"),

JEROME DEANGELO RICHARDSON ("RICHARDSON"),

and DOES 1 through 25 inclusive.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the United States Constitution and federal law, including interference with the free exercise of religion and civil rights.

9. Venue is proper in this district because the events giving rise to Plaintiff's claims occurred in St. Paul, Minnesota.

## FACTUAL ALLEGATIONS

10. On January 18, 2026, Plaintiff was attending a worship service at Cities Church in St. Paul, Minnesota.

11. Defendants, acting together, beginning on a date prior to January 18, 2026, and continuing through that morning, planned and executed a coordinated disruption of the worship service and entered the Church without consent and/or exceeded the scope of any implied consent by entering for the pre-planned purpose of disrupting worship, intimidating congregants, and obstructing the service.

12. Defendants' coordinated conduct included:

    a. Pre-arranged meetings and communications to plan the operation dubbed "Operation Pullup", including a pre-operation briefing in a public parking lot;

    b. Organizing and promoting the operation on social media, including livestreams and promotional flyers; (Exhibit A)

    c. Positioning themselves among congregants to block movement and create disruption;

    d. Loud chanting, shouting, and aggressive gestures inside the sanctuary;

    e. Direct interference with Plaintiff's ability to pray and participate in worship;

    f. Causing fear, distress, and emotional trauma to Plaintiff and other congregants;

    g. Obstructing safe movement within the Church, including areas used by children. Defendant RICHARDSON admitted via social media to assisting Defendant LEMON with logistics and local contacts in support of the operation. He described his role as ground coordination and facilitation, providing direct evidence of the planning and coordination among Defendants. (Exhibit B)

13. Defendants LEMON, FORT, ARMSTRONG, ALLEN, KELLY, LUNDY and CREWS personally participated in disrupting the service, chanting slogans such as "ICE Out!" and "Hands Up, Don't Shoot!," obstructing aisles, and confronting the pastor and congregants in a menacing manner.

14. Defendant LEMON livestreamed portions of the operation, noting congregants' fear

and distress, and appeared to take satisfaction in the disruption.

15. As a result of Defendants' coordinated actions, Plaintiff suffered severe emotional distress, fear, anxiety, and trauma, as well as interference with her religious exercise and invasion of a private and sacred space.

## CAUSES OF ACTION

**Count 1 – Civil Conspiracy (Minnesota Common Law)**

16. Plaintiff realleges all preceding paragraphs.

17. Defendants agreed to engage in unlawful conduct, namely the disruption of the Church, with an overarching plan to coordinate logistics, timing, and conduct in furtherance of the disruption.

18. Defendant RICHARDSON's admission of logistical assistance to Defendant LEMON demonstrates the existence of an agreement to coordinate and plan the unlawful conduct.

19. Defendants committed acts in furtherance of the agreement, including:
    - Pre-operation briefings and social media promotion;
    - Traveling to the Church in coordinated groups;
    - Obstructing and intimidating congregants inside the sanctuary.

20. Plaintiff suffered harm as a direct and proximate result of this conspiracy.

**Count 2 – Aiding and Abetting / Facilitating Tortious Conduct**

21. Plaintiff realleges all preceding paragraphs.

22. Defendants substantially assisted, encouraged, or facilitated the unlawful disruption, including those who did not physically enter the Church.

23. Defendants LEMON and FORT materially assisted by receiving logistical support and promoting the operation via livestream, enabling other Defendants to execute the plan.

**Count 3 – Intentional Infliction of Emotional Distress (IIED)**

24. Plaintiff realleges all preceding paragraphs.

25. Defendants' conduct was extreme and outrageous, intended or recklessly disregarding the likelihood of causing severe emotional distress.

26. Plaintiff suffered severe emotional distress, fear, anxiety, and trauma as a result of Defendants' actions, including the terror they caused children and vulnerable congregants.

**Count 4 – Interference with Religious Exercise / Disruption of Worship**

27. Plaintiff realleges all preceding paragraphs.

28. Defendants intentionally interfered with Plaintiff's ability to exercise her religion, pray, and participate in worship services, intentionally preventing the service from proceeding and threatening congregants.

29. Defendants' actions violated Plaintiff's rights to free exercise of religion and peaceable assembly.

**Count 5 – Trespass / Aiding and Abetting Trespass**

30. Plaintiff realleges all preceding paragraphs.

31. Defendants, and persons whose trespass they facilitated, entered the Church without consent and/or exceeded the scope of any implied consent by entering for the pre-planned purpose of disrupting worship, obstructing access and movement within the Church, and interfering with the Church's possessory and property rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ann Doucette respectfully requests that this Court enter judgment against Defendants NEKIMA LEVY ARMSTRONG, CHAUNTYLL LOUISA ALLEN, WILLIAM SCOTT KELLY, DON RENALDO LEMON, JAMAEL LYDELL LUNDY, TRAHERN JEEN CREWS, GEORGIA ELLYSE FORT, JEROME DEANGELO RICHARDSON, and DOES 1 through 25, inclusive, as follows:

1. General damages according to proof, including but not limited to emotional distress, fear, anxiety, trauma, and interference with Plaintiff's ability to freely exercise her religion;

2. Punitive and exemplary damages in an amount sufficient to punish Defendants and deter future similar misconduct, pursuant to Minnesota Statutes § 549.20, and applicable federal law, because Defendants' actions were willful, malicious,

5

oppressive, and done with reckless disregard of Plaintiff's civil rights, including the right to freely exercise religion and the right to be free from intentional infliction of emotional distress;

3. Injunctive relief restraining Defendants and any persons acting in concert with them from entering Cities Church or otherwise interfering with worship services, congregants, or religious activities;

4. Attorneys' fees, costs of suit, and pre- and post-judgment interest to the extent permitted by law, including but not limited to those available under federal civil rights statutes (e.g., 42 U.S.C. § 1988) and Minnesota law;

5. Any other relief the Court deems just and proper to redress the harms suffered by Plaintiff and to prevent future violations of civil rights and religious freedoms.

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 12, 2026              Respectfully submitted,

*[signature]*

Ann Doucette
Plaintiff, Pro Se

6