**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ann Doucette, | Case No. 26-cv-01606 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Nekima Levy Armstrong aka "Nekima Valdez Levy-Pounds," William Scott Kelly aka "DaWokeFarmer," Chauntyll Louisa Allen, Don Renaldo Lemon, Jamael Lydell Lundy, Trahern Jeen Crews, Georgia Ellyse Fort, Jerome Deangelo Richardson, and Does 1 through 25 inclusive, | |
| Defendants. | |

This matter came before the Court for a status conference on July 10, 2026. Based on discussion at that conference and on all the files, records, and proceedings herein, the Court enters the following Order.

Plaintiff Ann Doucette commenced this action on February 23, 2026. (*See* Dkt. 1.) On February 27, 2026, the Court granted Doucette's application to proceed *in forma pauperis* ("IFP") and directed the Clerk of Court to seek a waiver of service from each Defendant consistent with Rule 4(d) of the Federal Rules of Civil Procedure. (*See* Dkt. 4 at 1-2.) The docket reflects that the Clerk of Court mailed notices of the lawsuit and requests for waiver of service to various Defendants on March 11, 2026 (*see* Dkt. 7) and, after Doucette provided updated contact and service information (*see* Dkt. 19), again on May 19, 2026, with waivers due by June 18, 2026 (*see* Dkts. 22, 23). Defendant Georgia

Ellyse Fort returned an executed waiver on April 1, 2026, and has appeared through counsel.  (*See* Dkts. 8, 9.)

No other Defendant has returned a waiver.  The waiver package mailed to Defendant Trahern Jeen Crews was returned as undeliverable.  (*See* Dkt. 24.)  On May 11, 2026, Doucette filed a notice of voluntary dismissal of Defendant William Scott Kelly.  (*See* Dkt. 21.)  The deadline for Defendants to answer or otherwise respond to the Complaint is currently stayed.  (*See* Dkts. 18, 20.)

Because Doucette is proceeding IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service of process.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  When a defendant declines without good cause to waive service under Rule 4(d), the appropriate course is formal personal service under Rule 4(e), with the expenses of that service imposed on the nonwaiving defendant.  *See* Fed. R. Civ. P. 4(d)(2).

Accordingly, **IT IS ORDERED THAT:**

1.      The Clerk of Court is directed to issue summonses for Defendants Nekima Levy Armstrong, Chauntyll Louisa Allen, Don Renaldo Lemon, Jamael Lydell Lundy, and Jerome Deangelo Richardson, and to deliver the summonses, together with copies of the Complaint (Dkt. 1) and this Order, to the U.S. Marshals Service for personal service upon each of those Defendants, using the Marshal Service Forms (USM-285) and address information Doucette has provided.[1]

---

[1]      If the Marshals Service is unable to complete service on any of these Defendants, it shall note the reason for nonservice on the return.  If a completed USM-285 form is not on file for any of these Defendants, the Clerk shall mail a blank form to Doucette, and Doucette must complete and return the form within 14 days of the date of the mailing.

2.      Defendants Armstrong, Allen, Lemon, Lundy, and Richardson are hereby **NOTIFIED** that, because each failed to sign and return a waiver of service requested by the Clerk of Court, the Court must impose on each of them the expenses subsequently incurred in effecting personal service, unless the Defendant shows good cause for the failure. *See* Fed. R. Civ. P. 4(d)(2). After completion of service, the Court will quantify and impose those expenses by separate order absent a timely showing of good cause.

3.      By August 10, 2026, Doucette must file with the Court a current, valid address at which Defendant Trahern Jeen Crews can be personally served. The Marshals Service need not attempt service on Crews unless and until Doucette provides an updated address or represents that Crews can be personally served at the address previously provided. If Doucette does not provide a valid address for Crews by August 10, 2026, the Court will recommend dismissing Crews from this action without prejudice. *See* Fed. R. Civ. P. 4(m), 41(b).

4.      Doucette's notice of voluntary dismissal of Defendant William Scott Kelly (Dkt. 21) was effective upon filing. Because Kelly had served neither an answer nor a motion for summary judgment, the notice dismissed Kelly from this action without prejudice, and no court order was required. Fed. R. Civ. P. 41(a)(1)(A)(i).[2] The Clerk of Court is **DIRECTED** to terminate William Scott Kelly as a Defendant on the docket.

---

[2]     Although the notice cites Minnesota Rule of Civil Procedure 41.01(a), which is a state court rule, the Court construes Doucette's pro se filing under the corresponding federal rule.

5.      The presumptive 90-day deadline for service of process under Federal Rule of Civil Procedure 4(m) expired on May 26, 2026.  On the Court's own initiative, and finding good cause based on Doucette's IFP status, her entitlement to rely on the officers of the Court to effect service, and the time consumed by the waiver-of-service process directed by the Court, the deadline for service of process on all remaining unserved Defendants, including Does 1 through 25, is **EXTENDED** to and including October 8, 2026.  *See* Fed. R. Civ. P. 4(m); 28 U.S.C. § 1915(d).

6.      Doucette must identify and serve Does 1 through 25 on or before October 8, 2026.  Any Doe defendant who has not been identified and served by that date will be subject to dismissal without prejudice under Rule 4(m).

7.      The deadline for all Defendants who have been or are hereafter served, including Defendant Georgia Ellyse Fort, to answer or otherwise respond to the Complaint remains **STAYED**.  (*See* Dkts. 18, 20.)  The Court will set response deadlines for all served Defendants by further order upon the completion of service or the expiration of the extended service deadline, whichever occurs first.

8.      Doucette must keep the Court apprised of a current mailing address and telephone number at which she can be reached at all times while this action is pending. Failure to maintain current contact information with the Court, or to comply with this Order, may result in a recommendation that this matter be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

9.      Doucette is advised that although she is pro se (representing herself), she is still required to comply with the Local Rules for the District of Minnesota, the Federal

Rules of Civil Procedure, and all Orders of the Court.  *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").  She is further advised that there are resources for pro se litigants available on the District of Minnesota website, including links to the District of Minnesota Local Rules and the Federal Rules of Civil Procedure and Evidence.  The link is https://www.mnd.uscourts.gov/representing-yourself.  The Pro Se Civil Guidebook and Information Sheets are also available at https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets.

Date: July 10, 2026                    *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

5