**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Ann Doucette,<br><br>Plaintiff,<br><br>v.<br><br>Nekima Levy Armstrong aka "Nekima Valdez Levy-Pounds," Chauntyll Louisa Allen, Don Renaldo Lemon, Jamael Lydell Lundy, Trahern Jeen Crews, Georgia Ellyse Fort, Jerome Deangelo Richardson, and Does 1 through 25 inclusive,<br><br>Defendants. | Case No. 26-cv-01606 (KMM/ECW)<br><br><br><br>**ORDER TO SHOW CAUSE** |

---

This matter is before the Court on Plaintiff Ann Doucette's failure to comply with the Court's July 10, 2026 Order (Dkt. 27) ("the July Order") and the Court's August 17, 2026 Order (Dkt. 42) ("the August Order").

The July Order required Plaintiff to "file with the Court a current, valid address at which Defendant Trahern Jeen Crews can be personally served" by August 10, 2026. (Dkt. 27 at 3.) The address is necessary to effectuate personal service on Crews by the U.S. Marshals Service. (*Id.*) The Court cautioned Plaintiff that if she failed to do so, "the Court will recommend dismissing Crews from this action without prejudice. *See* Fed. R. Civ. P. 4(m), 41(b)." (*Id.*) As of the date of this order, Plaintiff has failed to file any address for Defendant Crews.

The July Order also required Plaintiff to "keep the Court apprised of a current mailing address and telephone number at which she can be reached at all times while this action is pending" and cautioned Plaintiff that "[f]ailure to maintain current contact information with the Court, or to comply with this Order, may result in a recommendation that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b)." (*Id.* at 4.)

On August 14, 2026, counsel for Defendant Don Renaldo Lemon filed a meet-and-confer statement in connection with his Motion to Stay. (Dkt. 39.) The meet and confer statement stated that "I was unable to meet and confer with Plaintiff by telephone because the phone number she has listed on PACER is not active." (*Id.*) On August 17, 2026, the Court issued an Order stating that "[i]t appears that the phone number listed on the docket for Plaintiff is not active . . . . It is Plaintiff's responsibility to keep her contact information up to date. Plaintiff must immediately email Cowan_Wright_Chambers@mnd.uscourts.gov with an active phone number at which she can be reached." (Dkt. 42.) As of the date of this Order, Plaintiff has not complied with the Court's August order to provide an active phone number.

In sum, Plaintiff has not complied with the Court's July Order requiring her to maintain current contact information with the Court and has not complied with the Court's August Order requiring her to send chambers a phone number at which she can be reached. (*See* Dkts. 27, 42.) Both Orders were sent to the address of record for Plaintiff, and neither has been returned to the Clerk's Office. Further, Plaintiff failed to

respond to Defendant Lemon's Motion to Stay, resulting in the Court granting the Motion as unopposed. (*See* Dkt. 43.)

As the Court has previously cautioned Plaintiff, failure to comply with Court orders may result in dismissal of this matter for failure to prosecute. (*See* Dkt. 27 at 3-4.) Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see generally, Tandoh v. Virginia Police*, No. 22-CV-1985 (WMW/LIB), 2022 WL 18135247, at *1 (D. Minn. Sept. 28, 2022) (finding a failure to prosecute by the plaintiff for failing to apprise the court his current contact information), *R. & R. adopted*, 2023 WL 112702 (D. Minn. Jan. 5, 2023). Under this rule, "District courts have inherent power to dismiss sua sponte a case for failure to prosecute." *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993).

**ORDER**

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. On or before **September 16, 2026**, Plaintiff must either (1) comply with the July and August Orders, including by filing a current and valid address for Defendant Crews and providing the Court with a working phone number at which she can be reached, or (2) otherwise show cause why this matter should not be dismissed for failure to prosecute.

2. If Plaintiff fails to comply with this Order, it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Date: September 2, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge