**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ann Doucette,

Plaintiff,

v.

Don Renaldo Lemon and Does 1 through 25 inclusive,

Defendants.

Case No. 26-cv-01606 (KMM/ECW)

**REPORT AND RECOMMENDATION**

---

This case is before the Court on the Order issued September 24, 2026 (Dkt. 49) ordering Plaintiff Ann Doucette ("Plaintiff" or "Doucette") to file a notice with the Court stating whether she intended to keep any Doe Defendants in this action. As relevant here, the Court ordered as follows:

> 4. The First Amended Complaint's caption still names as Defendants "Does 1 through 25 inclusive" ("Doe Defendants"), but Paragraphs 3 and 5 of the First Amended Complaint's "Parties" section suggest that Doucette means to proceed only against Defendant Don Renaldo Lemon. (*See* Dkt. 47 at 1-3.) Within 7 days of this Order's date, Doucette must file a notice with the Court stating whether she intends to keep any Doe Defendants in this action or if she intends to proceed against Lemon alone.
>
> 5. If Doucette intends to retain any Doe Defendants, then the Court's deadline of October 8, 2026, for her to identify and serve those Defendants remains in effect. (*See* Dkt. 27 at 4.) In other words, filing the First Amended Complaint did not restart or extend that deadline. Any Doe Defendant not identified and served by the October 8, 2026 deadline will be subject to a recommendation of dismissal without prejudice under Federal Rule of Civil Procedure 4(m).

(Dkt. 49 at 2-3.)

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Additionally, the Eighth Circuit has approved of sua sponte dismissal for failure to serve a defendant, so long as the dismissal is without prejudice. *See Hoffmann v. United States*, 21 F. App'x 528, 529 (8th Cir. 2001) (per curiam) (holding that plaintiff's failure to serve the defendant for over 120 days since filing the complaint warranted a sua sponte dismissal without prejudice under Rule 4(m)); *see also Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion.").

As of the date of this Order, Plaintiff has not taken any of the actions listed in paragraphs four and five in the Court's September 24, 2026 Order. As to paragraph four, she did not file a notice with the Court stating whether she intends to keep any Doe Defendants in this action on or before October 1, 2026 (that is, within 7 days after the September 24, 2026 Order issued). As to paragraph five, she has not filed any proof of service showing she identified and served any Doe Defendant on or before October 8, 2026. In fact, Plaintiff has not filed any document with the Court at all since filing her Amended Complaint on September 14, 2026. (*See* Dkt. 47.)

Accordingly, the Court recommends dismissal of the Doe Defendants from this action due to Plaintiff's failure to prosecute her claims against them.[1] The stay imposed by the Court's September 1, 2026 Order (Dkt. 43) remains in effect as to Defendant Don Renaldo Lemon, now the sole Defendant in this action. (*See* Dkt. 49 ¶ 6; Dkt. 43.)

**RECOMMENDATION**

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:** Defendants Does 1 through 25 inclusive be **DISMISSED WITHOUT PREJUDICE**[2] from this action for Plaintiff's failure to prosecute.

DATED: October 14, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).

---

[1] Plaintiff's failure to comply with the September 24, 2026 Order requiring her to "file a notice with the Court stating whether she intends to keep any Doe Defendants in this action or if she intends to proceed against Lemon alone" within 7 days of the date of that Order, that is, by October 1, 2026, has not gone unnoticed by the Court, but the Court does not at this time recommend dismissal on this ground.

[2] Because the Doe Defendants have been dismissed without prejudice, nothing precludes Plaintiff from later seeking to amend the Amended Complaint to add new defendants to the extent permissible under the Federal Rules of Civil Procedure, the Local Rules, and any Orders of the Court.